# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRIAN HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-891-JPG |
| | ) | |
| GRANT MENGES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On August 23, 2017, Plaintiff Brian Hill filed this action without a filing fee or motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. 1). On September 25, 2017, this Court ordered him to pay the filing fee for this case or file an IFP motion, supported by a certified copy of his prison trust fund statement for the six-month period immediately preceding the opening of his case and an affidavit that includes a statement of his assets. (Doc. 3). On October 2, 2017, Plaintiff filed a handwritten IFP Motion (Doc. 4) without a trust fund statement. On October 6, 2017, the Court ordered him to provide his trust fund statement and a certification completed by the trust fund officer at his facility by November 20, 2017. (Doc. 5).

After waiting nearly four months, the Court entered a Notice of Impending Dismissal (Doc. 6) on February 1, 2018, ordering Plaintiff one final time to file a properly completed trust fund statement by March 5, 2018 or face dismissal of this action for want of prosecution and/or failure to comply with a court order under Federal Rule of Civil Procedure 41(b).

Plaintiff's deadline for compliance has passed. Plaintiff has not paid his filing fee of filed

1

his trust fund statement. He also has failed to request an extension of the deadline for doing so.[1]

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court and failure to prosecute. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall **not** count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 4) is **DENIED**. Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). The agency having custody of the plaintiff is directed to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account (including all deposits to the inmate account from any source) until the statutory fee of $400.00 is paid in its entirety. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of Court each time the Plaintiff's account exceeds $10.00 until the $400.00 filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois. The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at the St. Clair County Jail *upon entry of this Order*.

---

[1] Notably, this Court's Notice of Impending Dismissal (Doc. 6) was sent to Plaintiff's last known address at St. Clair County Jail. On February 13, 2018, it was returned as undeliverable. (Doc. 7). Plaintiff has not provided the Court with an updated mailing address, despite the warning he received from the Clerk advising him of his "continuing obligation to keep the Clerk and each opposing party informed of any change in [his] address . . . in writing and not later than 7 days after a transfer or other change in address occurs." (Doc. 2, p. 1).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 14, 2018**

                                              **s/ J. PHIL GILBERT**
                                              **United States District Judge**